UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     PLAINTIFF, | : | |
| | : | |
|     v. | : | CASE NO.: 1:11-CV-787 |
| | : | |
| TWO THOUSAND FIVE HUNDRED | : | JUDGE BARRETT |
| SEVEN DOLLARS IN UNITED | : | MAGISTRATE JUDGE BOWMAN |
| STATES CURRENCY ($2,507.00), | : | |
|     DEFENDANT, | : | |
| | : | |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States filed a Verified Complaint for Forfeiture in Rem on November 7, 2011 (Doc. 1). This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

A Warrant of Arrest in Rem, issued by the Clerk of Court on November 17, 2011, directed the United States Marshal for the Southern District of Ohio to arrest the defendant property (Doc. 5). The Warrant also required the plaintiff to publish notice of the arrest of the defendant property and of the right to contest the forfeiture of the defendant property on the official government website, www.forfeiture.gov for 30 consecutive days in accordance with Supplemental Rule G(4)(a)(iv)(C).

In accordance with the Warrant of Arrest in Rem (Doc. 5), the United States Marshals

Service arrested the defendant property on July 16, 2009 (Doc. 6), bringing the defendant property within the jurisdiction of the Court.

In accordance with the Warrant of Arrest in Rem (Doc. 5), the United States Marshals Service arrested the defendant property on January 24, 2012 (Doc. 6), bringing the defendant property within the jurisdiction of the Court.

Pursuant to Rule G(4)(b)(i) and (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).  The Direct Notice instructs the potential claimant or the potential claimant's attorney of the date the notice was sent; the deadline for filing a claim, at least thirty-five days after the Direct Notice was placed in the mail; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the United States Attorney to be served with the claim and answer.  The Direct Notice must be sent by means reasonably calculated to reach the potential claimant.

The United States sent Direct Notice and a copy of the complaint by certified mail and regular mail to the following potential claimants:  Margaret Temponeras, and Margaret Temponeras c/o Unique Pain Management, LLC and Unique Relief, LLC on November 16, 2011 (Doc. 8).

The United States sent Direct Notice and a copy of the complaint by certified mail to the following potential claimant:  Margaret Temponeras c/o Bradley Barbin, Esq. on November 16, 2011 (Doc. 8).

The United States posted notice of this civil forfeiture action on the official government internet site (www.forfeiture.gov), beginning on November 22, 2011 for 30 consecutive days (Doc. 7).

As of January 21, 2012, which is 60 days after the first date of publication, no person or entity had filed a claim to the defendant property or an anser to the United States' Complaint for Forfeiture in Rem.

On February 2, 2012, the Clerk of this Court entered a default against Margaret Temponeras; the defendant property, which is Two Thousand Five Hundred Seven Dollars ($2,507.00) in United States Currency; and all other persons and entities who might have an interest in the Defendants for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. 10).

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims a default judgment is granted to the United States against Margaret Temponeras; the defendant property, which is Two Thousand Five Hundred Seven Dollars ($2,507.00) in United States Currency; and all other persons and entities having an interest in the Defendants for failure to file a claim and answer.

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the defendant property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and/or § 981(a)(1)(C). All right, title, and interest in the defendant property is vested in the United States of America and no right, title, or interest shall exist in any

other person or entity. The United States Marshals Service shall dispose of the defendant property in accordance with the law.

                                                         */s/ Michael R. Barrett*
                                                        Michael R. Barrett
                                                        UNITED STATES DISTRICT JUDGE